UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CINDY M. O'PHARROW,                                          **DOCKET NO.: CV-22-3773**

                       Plaintiff,

      -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE       **COMPLAINT**
DEPARTMENT, POLICE OFFICER JOHN DOE 1, in his
individual and official capacity, POLICE OFFICER JOHN
DOE 2, in his individual and official capacity, POLICE
OFFICER JOHN DOE 3, in his individual and official
capacity, LIEUTENANT JOHN DOE, in his individual
and official capacity, and POLICE OFFICERS "JOHN AND
JANE DOES 4-10," in their individual and official capacities,

                    Defendants.       ***JURY TRIAL DEMANDED***
------------------------------------------------------------------X

     Plaintiff, CINDY M. O'PHARROW, by and through her attorneys, THE LAW OFFICES OF

FREDERICK K. BREWINGTON, as and for her Complaint against the Defendants herein, states

and alleges as follows:

### PRELIMINARY STATEMENT

     1.      This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the Plaintiff's Civil rights

violations, both Federal and State, assault, battery, seizure, false imprisonment, harassment, and

intentional infliction of emotional distress, negligent infliction of emotional distress, of Cindy M.

O'Pharrow, deprivation of freedom, violation of the civil rights of Cindy M. O'Pharrow, and

infliction of mental and emotional harm, conducted with malicious intent and/or caused by

negligence, and the negligent hiring and negligent supervision, negligence, recklessness, intentional

and careless actions of the County of Suffolk, its agents and employees, and the Suffolk County

Police Department, its agent and employees.

2.       Plaintiff was maliciously and falsely subjected to extreme and violent force, and physically extricated, falsely detained without cause or legal authority, and thereby suffered injury to her body as well as her mental and emotional state.  Plaintiff was illegally subjected to excessive use of physical force, grabbed, yanked and forcefully ejected, humiliated, verbally abused, threatened, disrespected, defamed and harassed, without cause or reason, in while caring for a young man for whom she had been designated to provide support and assistance even though the County, its agencies, agents and employees knew that there was no merit to their actions and failed to intervene or take action to prevent the institution and the continuance of the assault, battery, seizure, false imprisonment, harassment, intentional infliction of emotional distress, negligent infliction of emotional distress and other action, that such use of force and touching of both person and property of Plaintiff was malicious, and unfounded, and that the violations of Cindy O'Pharrow's civil rights, her assault, battery, seizure, false imprisonment, harassment, intentional infliction of emotional distress, negligent infliction of emotional distress, detainment, and the harassment by county employees was illegal brought pursuant to 42 U.S.C. §§ 1981, 1983, the 1st, 4th, 5th and 14th Amendments to the United States Constitution and New York State Law and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

3.       Plaintiff alleges that Defendant POLICE OFFICERS abused their authority, engaged in unreasonable and excessive force, assaulted, battered, falsely accused,  and defamed, Cindy O'Pharrow all in violation of her constitutional and civil rights.

4.       Plaintiff alleges that Defendants SUFFOLK COUNTY, and SUFFOLK COUNTY POLICE DEPARTMENT were negligent in training, hiring and supervising Defendant officers, thus

leading to the unjustified excessive force, assault, defamation and other violations of Cindy O'Pharrow. Plaintiff alleges that the treatment afforded her was unreasonable, improper, unauthorized and abusive and that all actions taken thereafter were done in an attempt to justify the flagrantly improper and unjustified conduct of Defendant POLICE OFFICERS.

5. Defendant POLICE OFFICERS without probable cause, justification or any reason except an intent to deprive Plaintiff of her rights, and their knowledge that their conduct has the tacit authorization of SUFFOLK COUNTY, and SUFFOLK COUNTY POLICE DEPARTMENT, excessively used force against Plaintiff who was acting *in loco parentis* at the direct request of the victim's mother. Said use of unjustified force upon Plaintiff deprived her of her bodily security and integrity and violated her civil and constitutional rights.

6. Plaintiff alleges that SUFFOLK COUNTY, and SUFFOLK COUNTY POLICE DEPARTMENT are liable for the assault, battery, excessive force, defamation, and violation of other rights because the SUFFOLK COUNTY, and SUFFOLK COUNTY POLICE DEPARTMENT has abused, condoned, and permitted a pattern of abuse of process of civilian persons, and has failed to properly investigate such incidents and discipline the officers involved.

7. As a result police officers including these Defendants (collectively and individually) were deliberately indifferent to the rights of Plaintiff and the need to train Officers of the SUFFOLK COUNTY, and SUFFOLK COUNTY POLICE DEPARTMENT. Police Officers, including these DEFENDANTS, are encouraged to believe that they could violate the rights of persons, such as the Plaintiff, with impunity, and that the SUFFOLK COUNTY, and SUFFOLK COUNTY POLICE DEPARTMENT has, and will, continue to act in violation of an individual's rights, constituting through their actions and failures a policy and/or pattern.

3

8.      As a result of the Defendants' actions (or lack thereof), Plaintiff suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that she sustained at the hands of Defendants as a result of their use of excessive force. Plaintiff incurred significant impact on her life and health, cost and expenses due to the Defendants' actions, including but not limited to: serious physical injuries, medical bills, loss of potential employment, loss of full use of her bodily parts, limitations in physical capabilities, pain,, and other costs/expenses.

## JURISDICTION AND VENUE

9.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341 (3) & (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

10.     Venue herein is proper under 28 U.S.C. § 1391(b); the cause of action arose in the Eastern District of New York, and upon information and belief, all of the parties reside in or are located in either Suffolk or Nassau County.

11.     That prior hereto Plaintiff in conjunction with her State claims filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

12.     That more than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

## PARTIES

13.     During all times mentioned in this complaint, the plaintiff Cindy M. O'Pharrow (hereinafter "Plaintiff" or "Mrs. O'Pharrow") was and still is a Black African-American citizen of

the United States, residing in the County of Suffolk, State of New York.

14.    That Defendant the SUFFOLK COUNTY (hereinafter referred to as "COUNTY") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of New York.

15.    Defendant SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter "POLICE DEPARTMENT" or "SCPD") is an agency of SUFFOLK COUNTY.

16.    DEFENDANT POLICE OFFICERS JOHN DOE 1-10,  (hereinafter referred to as "DEFENDANT  OFFICERS"), were at all times herein mentioned police officers, employed by the COUNTY and  POLICE  DEPARTMENT  under  the  direction  of  COUNTY  and  POLICE DEPARTMENT, and DEFENDANT OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY and POLICE DEPARTMENT. The names of the officers in this case have yet to be provided by Defendants, despite requests having been made for their release and identification.

17.    DEFENDANT LIEUTENANT JOHN DOE was at all times herein mentioned a supervision member of the SCPD, employed by the COUNTY and POLICE DEPARTMENT under the direction of COUNTY and  POLICE DEPARTMENT, and DEFENDANT LIEUTENANT JOHN DOE was acting in furtherance of the scope of his employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY and SCPD.

18.    Upon information and belief, that all times hereinafter mentioned, and at the time of the commencement of this action, the DEFENDANT OFFICERS and DEFENDANT LIEUTENANT

JOHN DOE  were, and are, citizens and residents of the State of New York.

19.     That Defendant COUNTY was and is the employer of members of the SCPD.

20.     That DEFENDANT OFFICERS were all non-African-American, and were upon information and belief all Caucasian persons and were state actors on June 27, 2021 and continued to be so thereafter.

21.     That on June 27, 2021, DEFENDANT OFFICERS were Suffolk COUNTY Police Officers, employed by Defendant COUNTY,  and acted as agents of Defendant COUNTY.

22.     At all times relevant in this Complaint, and upon information and belief, DEFENDANT OFFICERS served as the complaining witnesses against Plaintiff in criminal proceedings and served as the source of information to the District Attorney's Office, supplying allegations and claims against Mrs.  O'Pharrow which were false.

23.     During all times mentioned in this complaint, the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the COUNTY OF SUFFOLK.

24.     During  all times mentioned  in this complaint the defendants and each of them, separately and  in concert, engaged in acts or omissions which  constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff and while these acts were cared out under color of law, they had no justification or excuse in law and were instead gratuitous illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

25.     Each of the defendants at all times relevant to this action had the power and the duty to restrain the other defendants and prevent them from violating the law and the rights of the plaintiff

but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the plaintiff.

## **FACTUAL BACKGROUND**

26.     Plaintiff is a resident of Suffolk County and currently serves as the President of Cops And Kids New York, Inc.  Cops And Kids is a not for profit volunteer organization that has the mission to *"build relationships with young people by bolstering self-esteem, individual confidence, and character while creating relationships with law enforcement."*

27.     Plaintiff was at the time of this occurrence, and continues to be, a supporter of professional policing and building the relationship that should exist between a police department and the community its members are sworn to serve.  She is also married to a New York Police Detective.

28.     On June 27, 2021, on Sunday morning, at or about 12:10 A.M. Mrs. Cindy M. O'Pharrow was assisting to monitor attendees leaving a party being held for the daughter of her friend at their home located at 147 Seamen Neck Road, Dix Hills, New York.  The party was ending and as the guests were leaving Plaintiff was standing at the end of the driveway and encouraging the attendees to leave orderly, not loiter and to respectfully proceed to their cars and rides home.

29.     At about 12:15 A.M. Plaintiff heard two to three pops behind her.  When she turned, looking over her right shoulder she observed multiple people running and then saw a young man she knew fall to the ground, coming to rest partly on the drive way and partly on the flowers lining the driveway.

30.     Plaintiff and others ran to see to this young man and to provide aid to him.  As he was asking for help, he stated that he had been shot.  Plaintiff and others yelled out for someone to call

7

911 and then provided first aid by applying pressure to the apparent wound on this young man's left side. As others continued to apply pressure, Plaintiff engaged in providing psychological first aid by speaking to the young man, keeping him calm and providing assurance.

31.     Plaintiff, was told by the young man that he wanted to call his parents so Plaintiff asked him where his phone was located, and he directed Plaintiff to his pocket. After being provided the pass code for the phone by the injured young man, Plaintiff searched his contacts and first called his father, which was listed in his phone as "Dad." That phone call was not answered promptly.

32.     When the young man's father did not answer immediately, Plaintiff then placed a call to the young man's mother using 'Facetime'. When that call was answered by a woman, Plaintiff identified herself, explained that her son had been shot, but that he was alive and that they were getting him help. Plaintiff then turned the phone and screen so that the young man and his mother could see and hear each other. At that time they spoke to each other.

33.     At or about this time, Plaintiff stepped back to allow emergency medical persons, who had just arrived, to do their work. As Plaintiff stood close by, she continued to speak with the young man's mother, doing so on 'Facetime' with the speaker option being on so that the conversation could be heard by all those standing nearby.

34.     The mother of the young man, indicated she was out of the country and specifically implored Plaintiff to stay with her son, to which Plaintiff promised that she would remain with her son as requested. The young man's mother indicated that she was going to contact family members in the meantime and thanked Plaintiff for staying with her son, essentially serving as a surrogate parent and for being there for and at the request of the victim and his family.

35. Plaintiff then asked the ambulance personnel "what hospital we would be going to" so that the young man's mother could inform family members where to meet the ambulance.

36. Plaintiff, continued the aloud conversation and provided her cell phone number to the young man's mother and once again promised that she would stay with her son at which time the phone call was disconnected. Plaintiff then reassured the young man that she was right there and that his mother was contacting his family. The entire conversation was conducted on speaker phone and was readily audible to the police personnel and other persons near Plaintiff and the injured young man.

37. Plaintiff remained in the young man's presence and vision and then proceeded towards the ambulance, passing multiple police officer while doing so. Plaintiff stood directly behind the stretcher until the young man was loaded to into the back of the ambulance. A male officer (Defendant Police Officer JOHN DOE 1) asked Plaintiff what she was doing. Once the young man was loaded into the ambulance Plaintiff stepped up into the ambulance simultaneously stating that she was going with the young man and sat down on the bench inside the ambulance at the foot of the stretcher.

38. There was no question that throughout that day on June 27, 2021 in the early morning hours in Dix Hills, Mrs. O'Pharrow was serving the purpose requested by the victim's mother and continued to render comfort, support and aid to a victim of a gun shot without interfering with the medical care being provided by the emergency personal addressing the young man's wound. At no time was there any indication that Plaintiff would be physically removed from the ambulance where she sat waiting to accompany the young man to the hospital as had been requested by him and his mother.

39.     The same male officer (Defendant Police Officer JOHN DOE ) then stepped forward and rudely yelled "get the hell out of the ambulance." Plaintiff then asked, "Why?" The same officer (Defendant Police Officer JOHN DOE 1) then yelled again at Plaintiff to get out of the ambulance and Plaintiff asks again, "Why?" The officer then stated, "Because there is no room."

40.     Plaintiff then responded "How is there no room as I am sitting her and everyone has room." The officer then stepped up into the rear of the ambulance and yelled "did you hear what the hell I told you get the hell out" and then without warning, permission or further conversation, at the same time grabbed Plaintiff with two hands by her left biceps and left wrist and used extreme force and yanked Plaintiff to her feet out of her seat from a full seated position.

41.     At no time did Mrs. O'Pharrow do anything or take any action which warranted the use of physical force or would provide any officer with the right to place his hands on Mrs. O'Pharrow, no less verbally abuse her and engage in action or behavior beyond what would be expected of a reasonable  police officer.

42.     At that time, Plaintiff felt a jerk in her neck and shoulder area and hit the outside of her right calf on the stretcher feeling immediate pain. Plaintiff felt her whole body snap and was pulled so hard and with so much force that Plaintiff was snapped chest to chest with the officer as he continued to use great force hold her arm.

43.     Plaintiff then fearing for her safety and well being, yelled "what the hell are you doing?" Then while still holding Plaintiff's arm the officer yells "I told you to get the fuck out the ambulance" and then Defendant Police Officer JOHN DOE 1, with the assistance of a second officer (Defendant Police Officer JOHN DOE 2) proceeded to yank and lift Plaintiff fully out of the ambulance lifting her feet off the ground, causing her dress to rise up and expose her private areas.



44.     After Plaintiff was fully uprooted from the ambulance, she continued to be held by Defendant Police Officers JOHN DOE 1 AND 2.

45.     Plaintiff, in shock and fear, pulled her arm away, as Defendant Police Officer JOHN DOE 1 continued to have a tight hold on her arm.  Plaintiff then yelled "what the hell is wrong with you, get the fuck off of me."

46.     There was no reason or rationale to abuse Plaintiff verbally and to exert physical force and seize Plaintiff without speaking with Mrs. O'Pharrow to reason through and fairly address her presence in the Ambulance.

47.     Had Plaintiff not been an African-American woman, and been a Caucasian woman, she would not have been subjected to the force used against her and Defendants John Does 1 and 2 would not have felt free and empowered to place there hands on Mrs. O'Pharrow, yank her to her feet and use extreme force to remove her from the rear cab of the ambulance.

48.     Plaintiff then asked for officer JOHN DOE 1's name and badge number.  Which was refused.  Defendant John Doe 1 then placed his hands on Plaintiff's chest area and with great force

pushed Plaintiff with two hands causing her body to violently recoil and go backward.

49.     There is no question that Defendants Police Officers John Doe 1 and John Doe 2 used force against Plaintiff by physically grabbing, yanking, dragging, pulling and pushing her. Upon information and belief, these uses of force were not promptly reported as required and were not documented as required by the SCPD.

50.     Then JOHN DOE 1 and 2, in a mocking fashion, stated something that was indecipherable and then laughed. Plaintiff, was then consoled by another male non-uniformed person and a female officer, as she moved away and grasped her shoulder because she felt pain in the joint area.

51.     Plaintiff then yelled, "this isn't funny" as officers JOHN DOE 1 and 2 continued to laugh. Plaintiff then stated, "who the hell do you think you are to put your hands on me like that?" Plaintiff then stated "Your boss is going hear about this. "

52.     In response, Defendant Police Officer JOHN DOE 1 smirked and said, "Yea, okay", as other officers, JOHN DOE 2-10, made similar sarcastic comments saying "Yea, Yea." As Plaintiff was calling numbers of police personnel the officers and the Lieutenant were able to hear her making the calls and leaving messages. The Defendant Police Officers JOHN DOE 1-10 began to taunt Plaintiff saying multiple comments including but not limited to, "you can't do shit!"

53.     At that time Defendant LIEUTENANT JOHN DOE [pictured below] was standing right near by, approximately three feet away. Plaintiff then spoke to the Lieutenant and another officer saying, "so this is okay?" Defendant LIEUTENANT JOHN DOE then ignored Plaintiff. Plaintiff then stated that she is going to call and report this to the Commissioner and the Deputy Commissioner.



54.     Defendant LIEUTENANT JOHN DOE then turned to Plaintiff and said, "I'm the fucking boss out here, you got that? So call whoever the fuck you want." Plaintiff then took her phone out and began to record the police and the Lieutenant.

55.     As Plaintiff was attempting to record Defendant Police Officers JOHN DOE 1-10 began to shine their flash lights into the lens of the camera, as depicted in the photo below, to defeat and prevent the recording from properly functioning.

56.     A short while later, the same Defendant LIEUTENANT JOHN DOE came to where Plaintiff is standing and in a threatening manner approaches Plaintiff and says, "do you want to talk?" Shocked by his demeanor and carriage, Plaintiff then told the Lieutenant "No. I am going to report this." Defendant LIEUTENANT JOHN DOE then says, "Fine, I told you I am in fucking charge." and then he walked away.

57.     Plaintiff was able to call Deputy Commissioner Risco Mention-Lewis by cell phone and reported this matter. On July 6, 2021, Plaintiff's attorneys provided a copy of the Notice of Claim and official civilian complaint in this matter as a courtesy to officials in the County of Suffolk government and SCPD including Jon Kaiman, Brian Mitchell, Vanessa Baird-Streeter, Stuart

Cameron and Risco Mention-Lewis which stated:

> *Dear Ladies and Gentlemen,*
>
> *Attached please find a copy of the Notice of Claim and Official Civilian Complaint of our client, Ms. Cindy M. O'Pharrow. In addition to this courtesy copy provided by email, this document is being provided by Certified Return Receipt Request mail. Should you wish to discuss this matter, please feel free to call. Thank you.*

58. On July 7, 2022 Plaintiff's attorney wrote the then District Attorney, Tim Sini and

provided a copy of the Notice of Claim and official civilian complaint in this matter by electronic

mail and wrote the following:

> *Dear Mr. Sini,*
> *We represent Mrs. Cindy M. O'Pharrow, who was assaulted by a Suffolk County Police Officer on June 27, 2021 in Dix Hills, New York. We write to provide you with a copy of her Official Civilian Complaint/Notice of Claim. Based on the actions taken against her, we ask that your office commence an investigation and bring criminal charges against the officer that physically assaulted her and then harassed her, along with the Lieutenant that harassed her on that morning. Please contact our offices to discuss this matter and to advise us what actions your office will take to address this clear abuse of police authority and unreasonable force. Thank you.*

59. On July 10, 2021 Plaintiff's attorney wrote again to officials in the County of Suffolk

government and SCPD including Jon Kaiman, Brian Mitchell, Vanessa Baird-Streeter, Stuart

Cameron and Risco Mention-Lewis and stated:

> *Dear Commissioner Cameron and Suffolk County Officials,*
>
> *I provided each of your with a copy of Mrs. O'Pharrow's Complaint on Tuesday and the only person that even acknowledged receipt of the email was Deputy Commissioner Mention- Lewis. To this date, not even a call to see how Mrs. O'Pharrow is doing shows just how Suffolk has once again missed a golden opportunity to demonstrate that there is a real interest in systemic change in the police culture of Suffolk. Instead, what this level of unresponsiveness illustrates is how unimportant*

*police accountability, mistreatment of citizens and responses to complaints*
*really are to each of you.*

*Please provide us with the names of each of the officers, supervisors and*
*other personnel present at the scene of incident on June 27th. Further,*
*please advise us what steps, if any, have been taken to address our client's*
*complaint of both unreasonable use of force, unprofessionalism and a clear*
*failure to supervise. Additionally, please advise us what type of procedures,*
*policies, and training requirements are in place to address the use of police*
*department issued flashlights and other flashlight devices to thwart the efforts,*
*such as those of our client, from taking video to preserve information and record*
*police actions, faces, names and badge numbers. These acts, of which*
*we have several clear examples from this incident alone, are*
*intentional acts of hindering prosecution and the destruction/alteration*
*of evidence. I am sure each of you recognize that such acts have criminal*
*implications(See New York State Penal Law Sections. 205.50, 205.55,*
*205.60 and 205.65) We look forward to your prompt and full responses.*

60.     On July 10, 2022, then Acting Police Commissioner Stuart Cameron responded to

the email stating:

*Sir,*

*I noted that Deputy Commissioner Risco Mention-Lewis had acknowledged*
*our receipt of your earlier email for us and we are now in receipt of this follow*
*up message as well.*

*Please rest assured that investigating this incident is very important to our*
*department, as evidenced by the prompt internal affairs investigation that*
*was initiated on Sunday. The deputy commissioner and I have been in daily*
*contact with our internal affairs bureau to closely monitor the progress of the*
*investigation and we will continue to do so as it progresses.*

*Have a good evening.*

*Regards,*

*Acting Commissioner Stuart Cameron*
*Suffolk County Police Department*

61.     Following Acting Commissioner Cameron's email, on that same evening Deputy

Commissioner Risco Mention-Lewis responded and wrote stating:

*Good evening Mr. Brewington,*

*I have reached out to Ms. O'Pharrow and of course we have concern
over her well being. I was notified by others within Cops n Kids to
communicate with them and thus we thought it inappropriate to make
any mention of her health.  Since a Notice of Claim is designed to stop
communication between individuals and to bring notice that any conversation
should be between the parties' attorneys; we respect the current communication
process, and the attorneys for the County will respond to any inquiry
regarding matters impacting the civil case.*

*As for the IA case,  Commissioner Cameron had the investigation started
immediately and we are monitoring the investigation daily. If you are now
indicating that your client would like to be contacted and  interviewed by IA
investigators or you would like to provide witnesses, video or audio recording
to aid in the investigation, we welcome it. We welcome any and all information
to clarify the allegations; however, It was our understanding that she did
not want to be interviewed on the advice of counsel.*

*Please be assured Commissioner Cameron and I value Ms. O'Pharrow,
we value transparency and we seek justice in this matter and every
encounter involving the residents of Suffolk County and SCPD officers.*

*Thank you,*
*Risco Mention-Lewis*

*Deputy Po6luce[sic] Commissioner*

62.     On July 11, 2022 Plaintiff's attorney responded to Acting Commissioner Cameron

and Deputy Commissioner Mention-Lewis and made clear the concerns which Mrs. O'Pharrow was

experiencing and requesting. The full body of that email stated:

*Commissioner Cameron and Deputy Commissioner Mention-Lewis,*

*Thank you for your emails.  First I want to correct a point which you
have raised.  The notice of claim is not "designed to stop communications
between individuals"  and it does not "bring notice that any conversation*

*should be between the parties' attorneys". It is not a signal to stop talking.
In fact, the Notice of Claim and in this case Formal Civilian
Complaint encourages communications prior to an actual law suit.
Contrary to common statements made by County officials, the Notice of Claim
is for the benefit of the municipality. The statutory purpose is to actually
place the County on notice so it can investigate a matter and should help you
and the County avoid lawsuits. In this case, since it was stated publicly that
you did not get a formal complaint, the Notice of Claim was also labeled
as a Formal Civilian Complaint. That certainly should not serve to stop
communications, but to foster them. I am sorry you don't view this as an
opportunity rather than find barriers when none were intended or ever created
by anything Mrs. O'Pharrow has done.*

*In any event, my email to you and all the County officials left a door
wide open when the following was extended on July 6, 2021, "Should
you wish to discuss this matter, please feel free to call. Thank you."
That is exactly why my email of yesterday was necessary. As to
responding to the "civil case", your email and that of Commissioner
Cameron should not consider your responses to be to a civil case, as there
is none yet, but to the Civilian Complaint and an injury caused by members
of your police force. Further, the question should not be placed on me or
Mrs. O'Pharrow to decide if our "client would like to be contacted and
interviewed by IA investigators or you would like to provide witnesses,
video or audio recording to aid in the investigation." The obligation to
investigate and reach out to my office, on behalf of our client, is on SCPD.
Why would SCPD even think that it is on me, my client or any person
who files a civilian complaint to lead your personnel on doing what they
would automatically do? If this was an assault committed by a civilian,
would you place it on the victim to decide to contact your personnel to
move the police work ahead? Kindly be reminded that we have supplied
you with a detailed set of facts for your review, yet you have told us nothing
of substance and no effort has been made to contact us to set up an appointment.
The failure to get this right immediately is a very concerning pattern by
Suffolk County Police when it comes to Civilian Complaints. As to the
"progress of the investigation" which you reference, please advise us
what the progress actual is.*

*Finally, I note that neither of you addressed the concern about the use of
flashlights as referenced in my email of yesterday. Once again, we
welcome you reaching out to engage to try to address the problems raised
and to make relations better for all involved. If you really "value
transparency and we seek justice in this matter and every encounter involving
the residents," then speaking to this clear act of abuse of department issued*

*equipment to deny Mrs. O'Pharrow and many others like her the opportunity to preserve, gather and document evidence of actual abuses and crimes, demands that you kindly address this issue.  In furtherance of your request, we attach three example of the abuses of the flashlights.*

63.    While Plaintiff has cooperated fully with the SCPD, providing information and interviews, her requests in writing and verbally for "the names of each of the officers, supervisors and other personnel present at the scene of incident on June 27th" has not been responded to thus thwarting her ability to have full and fair access to the Courts and to be able to vindicate her rights by naming those persons who have violated her and violated her rights. Despite that claim that "we value transparency and we seek justice in this matter", Defendants and SCPD have continued to hide information and coverup in an effort to prevent Plaintiff from pursuing her claims in Court.

64.    As of the filing of this lawsuit, Plaintiff has yet to receive any response which specifically addresses the request that Defendants "please advise us what type of procedures, policies, and training requirements are in place to address the use of police department issued flashlights and other flashlight devices to thwart the efforts, such as those of our client, from taking video to preserve information and record police actions, faces, names and badge numbers.  These acts, of which we have several clear examples from this incident alone, are intentional acts of hindering prosecution and the destruction/alteration of evidence." The photos below are examples of this tactic used by SCPD Officers generally and in this case specially in an attempt to defeat and prevent recording of their actions.




65. The detailed requests to investigate and correct the Defendants' actions and this strategy employed by SCPD officers, and in particular Defendant POLICE OFFICERS JOHN DOES 1-10 were made by Mrs. O'Pharrow. They were never addressed by Defendants. This tactic of shining flashlights into the lens of cameras is an ongoing pattern and practice by Suffolk Police and is an act of serious disrespect, and an attempt to frustrate the collection of video evidence which might support the complaints made by civilians based on their experiences and concerns which have come about due to their interactions and treatment by members of the SCPD.

66. Defendants, SUFFOLK and SCPD have a history and practice of refusing and failing to address the wrongful acts of the members of the SCPD which are complained about by civilians.

67. As a leader in the community working with youth and police, Plaintiff has dedicated herself to the work of Cops And Kids New York, Inc. as a program which teaches, molds, and mentors young people. While maintaining a true love for the community. The actions of the officers that morning and the manner in which Plaintiff was mistreated, spoken to, physically assaulted, verbally abused, intentionally disrespected, treated with disdain and mocked was contrary to every image that Plaintiff has sought to portray to young people she works with as she teaches the values of Cops N' Kids Long Island, which are *inspiration, champions, courage, unity, and respect.*

68. Plaintiff sustained multiple injuries including, but not limited to, shoulder and neck injuries and complications to existing medical conditions, monetary and emotional injuries, including, but not limited to damages to her body, which are still being evaluate, treated and is subject to surgery, violation of her civil rights, damage to her emotional well-being, loss of freedom, loss of comfort, freedom from wrongful seizure, freedom from verbal abuse, public humiliation, public harassment, defamation, violation of person, mental and emotional harm and stress, costs and

expenses of bringing this action, impairment of self-esteem and mental health, wrongful deprivation of person and property, loss of income resulting from the consequences of physical, mental, emotional, and physical distress, and other injuries not yet fully ascertained.

69.     All of these rights are secured to plaintiff by the provisions of the First Amendment, the Due Process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as the equal protection clause, the Fourth Amendment and by 42 U.S.C. §§ 1981, and 1983 as well as related and applicable New York State Law claims.

## AS AND FOR THE FIRST COUNT
### 42 U.S.C. § 1981

70.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 69 of this Complaint with the same force and effect as though fully set forth herein.

71.     Plaintiff was racially discriminated against by DEFENDANT POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 by the targeted treatment abusing Plaintiff as an African-American woman and engaging in abusive language and use of violent and injurious force against her as a persons of color and having no reluctance in doing so on account of her race.

72.     Plaintiff was verbally abused assaulted and maligned by Defendants POLICE OFFICER JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 and her race and color were factors as the officers saw Plaintiff as a nonwhite woman and targeted her, and would not have acted as they did and would not have taken the action which they engaged in against white persons.

73.     Plaintiff was denied privileges and immunities because of her race/color. The decision by Defendants POLICE OFFICERS 1-10 and LIEUTENANT JOHN DOE 1 to subject Plaintiff to

the force and subject Plaintiff to the abusive language but for her race and color all of which demonstrated disrespect, disdain and in actions which were clearly abusive.

74.      The above referenced conduct was part of deliberate and concerted actions aimed at Plaintiff in acts of bias, abuse, and discrimination, based on race, by COUNTY, SCPD, POLICE OFFICERS 1-10 and LIEUTENANT JOHN DOE 1 which violates 42 U.S.C. §1981 as amended by the Civil Rights Restoration Act of 1991 (Publ. Law No. 102-406).

75.      But for her race, Plaintiff would not have been treated as she was. While taking the violent and unauthorized actions taken toward and against Plaintiff, Defendants POLICE OFFICERS 1-10 and LIEUTENANT JOHN DOE 1 continued the aforesaid discriminatory treatment of Plaintiff on an ongoing basis, and all Defendants above alleged conduct was part of a systemic pattern and practice of discrimination (against Plaintiff as an African-American female.) This wrongful action by these officers was adopted, supported, encouraged, and authorized by Defendants COUNTY and the SCPD.

76.      As a direct consequence of the actions of Defendants POLICE OFFICERS 1-10 and LIEUTENANT JOHN DOE 1, acting in furtherance of their duties as agents of COUNTY and SCPD, Plaintiff suffered injuries, including but not limited to pain, suffering, fear, economic loss, stigmatization, embarrassment, harassment, loss of liberty and the infringement of her rights guaranteed to her under the U.S. Constitution.

77.      As a direct consequence of the  actions of the Collective Defendants, Plaintiff suffered financial loss, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

78.     As a direct and proximate result of the aforesaid acts of the DEFENDANTS  JOHN

DOES 1-10 and LIEUTENANT JOHN DOE 1, Plaintiff suffered great physical harm, property

damage, mental anguish and violations of rights from then until now and he will continue to so suffer

in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts

of the DEFENDANTS.

79.     Plaintiff was forced to incur great expense due to the filing of this Complaint for

attorney's fees, investigation expenses, and other expenses in clearing her name against the

unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden

on Plaintiff.

80.     That by reason of the foregoing, Plaintiff has been placed in fear of her safety,  life,

suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and

has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her

quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess

of Five Million ($5,000,000.00) Dollars.

## AS AND FOR THE SECOND COUNT
### 42 U.S.C. § 1983
### First, Fourth, Fifth and Fourteenth Amendment Violations- Including but not limited to
### UNLAWFUL TREATMENT DUE TO RACE/Ethnicity/COLOR

81.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 80 of this Complaint with the same force and effect as though fully set forth

herein.

82.     The DEFENDANTS  POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT

JOHN DOE 1, under the color of state law, subjected Plaintiff to the foregoing acts and omissions

without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiff of her rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendment of the United States Constitution.

83. The abusive, malicious and unreasonable actions committed by COUNTY and SCPD employees DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 were done in furtherance of their intent to deny Plaintiff's equal protection under the law - based on her race, color and speech which was expressive and based on their treatment of people with color by the police in Suffolk and as it was happening before this set of circumstances, all of which is - a matter of public concern in violation of her First, Fourth, Fifth and Fourteenth Amendment rights. This was evident in and through that actions of DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 as they chose to take police action through the use of force and abusive treatment against Plaintiff who was clearly a persons of color who was not actively engaged in criminal behavior.

84. The DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 failure to stop these wrongful actions constitutes a breach of their duty, as public servants acting under the color of law, to do so under the First, Fourth, Fifth and Fourteenth Amendment.

85. Each named Defendant knew that their respective actions were in violation of the Plaintiff's right to equal protection, free speech, to be free of excessive force and be free from abusive and intimidating actions, which DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 knew or should have known were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

86. DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 acting within the scope of their official authority as state actors, contrary to the various Constitutional and statutory rights secured to the Plaintiff, and acting with malicious intent, misrepresented facts in order to justify the maltreatment and violation of the First, Fourth, Fifth and Fourteenth Amendment right to free speech against the Plaintiff.

87. The COUNTY and SCPD's position of taking no action and refusal to discipline the DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 for their misconduct against Plaintiff is neglectful of their duty to prevent the further violation of Plaintiff's rights under 42 U.S.C. § 1983, with such violation occurring as a result of said officers being improperly cleared of any wrongdoing, despite substantial evidence to the contrary.

88. None of the Defendants took action to prevent the wrongful actions or intervened to stop the acts taken against the Plaintiff, including but not limited to beating Plaintiff, causing false criminal proceedings to continue against the Plaintiff, abuse of process and retaliation for trying to exercise her right to freely record public officers while on duty. All of these acts and failures were in violation of Plaintiff's rights to equal protection.

89. Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, discriminatory, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts. Said actions were aimed at silencing Plaintiff, to keep her, as an African-American woman, silent.

90. Plaintiff's Fourth Amendment Rights were violated when DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 forcefully seized Plaintiff and wrongfully and

24

illegally used force against her and did so with no legal authority and without probable cause.

91.     Each named Defendant knew that their respective actions were in violation of the Plaintiff's right to protection from said use of force and unauthorized and unreasonable searches and seizures. Each named Defendant knew that their actions were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

92.     Plaintiff's Constitutional Rights were violated when DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 decided to interrupt Plaintiff as he recorded Defendants and then used excessive force and physically abused Plaintiff by yanking and using great force against Plaintiff which was aggressively inappropriate and led to serious and permanent injury to Plaintiff.

93.     DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 caused Plaintiff to be seized, placed in a dangerous, compromising position without probable cause and caused her to be deprived of her liberty, freedom from unreasonable and excessive force without due process and was further exposed to disgrace, public humiliation and embarrassment.

94.     Plaintiff's Fourteenth Amendment Rights to due process and equal protections rights were violated, as he as a African-American woman who did nothing to be subjected to maltreatment that White persons were not be subjected to.

95.     Plaintiff is an African-American woman and is part of a protected class. DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 in committing such acts violated Plaintiff's right to substantive due process and equal protection rights, which were marked by he clear and obvious double standard and differential treatment to which Plaintiff was subjected including but not limited to abusive and disrespectful language and seizure all of which

was done to Plaintiff on account of her race and color.

96.     The COUNTY and SCPD, DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 through their actions, violated the due process rights guaranteed to Plaintiff under the Fourteenth Amendment of the United States Constitution.

97.     Plaintiff exercised her right, as requested by the victim's mother to act *in loco parentis* and did so to assist and with the belief she would be safe and would not be threatened. She also continued to exercise her right to speak, and record while being harassed, cursed at, abused, and seized, by DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1.

98.     As a direct consequence of the actions of DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 acting in furtherance of their duties as agents of the COUNTY and SCPD, Plaintiff suffered injuries, including but not limited to, physical injury, emotional distress, stigmatization, embarrassment, harassment, loss of liberty and the infringement of hers rights guaranteed to her under the U.S. Constitution.

99.     As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered serious injuries, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

100.     Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

101.    That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life,

suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and

has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her

quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess

of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A THIRD COUNT
## 42 U.S.C. § 1983
## UNREASONABLE AND EXCESSIVE USE OF FORCE

102.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 101 of this Complaint with the same force and effect as though fully set forth

herein.

103.    On or about June 27, 2021, Plaintiff was placed in fear of her life, falsely seized,

falsely detained and subjected to excessive and unreasonable use of force and unlawful search and

seizure by DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1.

104.    On or about June 27, 2021 and after, Plaintiff was placed in fear of her bodily security

and integrity and life, falsely arrested, falsely seized, detained, and held for an unreasonable period

of time against her will without justification, explanation or rationale for such detention.

105.    On or about June 27, 2021, while being accosted, Plaintiff was subject to excessive

and unreasonable use of force, which was demeaning and harmful and in nature.

106.    On or about June 27, 2021, while being accosted subjected Plaintiff fear, mental

injury, loss of function, loss of freedom, loss of use of body parts and other serious injuries, which

they knew would be a likely outcome of their action and were indeed the outcomes and injuries that DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 caused.

107. On or about June 27, 2021, while being detained, DEFENDANTS POLICE JOHN DOES 1 and 2 grabbed, yanked, pulled and lifted and otherwise subjected Plaintiff to excessive and unreasonable use of force which caused, but not limited to, injuries to her shoulder, neck, and mental anguish being subjected to the abusive acts of DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1, loss of liberty, medical treatment, surgery, rehabilitation, embarrassment, mental pain and suffering, damage to name and reputation, legal fees and costs, medical costs/fees, and other monetary damages.

108. Upon information and belief such seizure, use of force, abuse both physical and verbal was ordered and was carried out by DEFENDANT COUNTY, DEFENDANT POLICE DEPARTMENT, DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1.

109. DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from SCPD, were present on June 27, 2021 in or around the vicinity 147 Seamen Neck Road, Dix Hills, COUNTY of Suffolk, State of New York and participated in the unlawful use of force, verbal and mental abuse of Plaintiff.

110. DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from the COUNTY and SCPD failed to take any action to prevent this unlawful behavior by the DEFENDANT OFFICERS.

111.     Upon information and belief, such seizure, arrest, and assault was ordered, condoned and authorized by the COUNTY DEFENDANTS and DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from SCPD with a callous, deliberate indifference to Plaintiff's known constitutional rights.

112.     As part of the abuses to which Plaintiff has been subjected by DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from SCPD Plaintiff has been seized, injured, forced to get medical treatment and made to be subjected to dangerous, compromising positions for an unreasonable time without, probable cause and caused her to be deprived of her liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

113.     The DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from SCPD individually and collectively knew at the time of Plaintiff's seizure, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to allow them to use force against Plaintiff or otherwise verbally or physically abuse her and that their actions were based solely, or in part, on DEFENDANTS' discriminatory and violative actions due to her race and color and in violation of her rights protected under the Constitution.

114.     Each of the DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from SCPD, acting under color of law, acted separately and in concert and without authorization of law. Each of the DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from SCPD, separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of her right to freedom from excessive force,

illegal seizure of her person and freedom from abuse verbally and physically. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

115. Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts.

116. COUNTY and SCPD and DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from SCPD through their actions, violated the due process rights guaranteed to Mrs. O'Pharrow under the Fourteenth Amendment of the United States Constitution.

117. As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered serious injuries, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

118. Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

119. That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and

has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her

quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess

of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

120.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1

through 119 of this Complaint with the same force and effect as though fully set forth herein.

121.    Prior to June 27, 2021 and since, the COUNTY OF SUFFOLK has permitted and

tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of

authority, beatings, and uses of weapons by police officers of the SUFFOLK COUNTY POLICE

DEPARTMENT as well as frustrating access to the Courts by withholding the names of officers

involved . Although such beatings, abuse of authority, illegal use of force, and use of weapons were

improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint,

and such incidents were in fact covered up with official claims that the beatings, use of force, and

uses of weapons were justified and proper, and were protected by COUNTY and SCPD. As a result,

COUNTY OF SUFFOLK police officers within their jurisdiction were caused and encouraged to

believe that civilian persons could be beaten or abused under circumstances not requiring the use of

excessive force, and that such abuse and beatings would in fact be permitted by the DEFENDANT

COUNTY OF SUFFOLK .

122.    As demonstrated by the existing Consent Decree against SUFFOLK and SCPD  there

has been a pattern of abuse of authority by the DEFENDANT COUNTY OF SUFFOLK and SCPD

in its interactions and dealings with the persons of color in and by Suffolk County.

123. In addition to permitting a pattern and practice of improper beatings and abuses in DEFENDANT COUNTY OF SUFFOLK and by DEFENDANT POLICE DEPARTMENT, DEFENDANTS have failed to maintain a proper system of investigation of all incidents of unjustified beatings, abuses of authority, and excessive use of force by police officers.

124. Despite the disparate levels of policing and discriminatory treatment of the Black and Hispanic persons in Suffolk very little has been implemented to change those disparities and nothing has been done to make police in Suffolk accountable for their wrongful actions against civilians like Mrs. O'Pharrow.

125. According to the annual Compliance Reports created by Suffolk County filed by and relating to DEFENDANT COUNTY OF SUFFOLK and DEFENDANT POLICE DEPARTMENT, the numbers show the findings in percentages of IAB (Internal Affairs Bureau) cases for the years of the reports. Note most of the IAB cases lead to no charge and very few substantiated. Many times a determination that a Complaint is unsubstantiated comes from refusal to accept certain witnesses and videos. Defendants knew of these facts and at the time of this matter with Mrs. O'Pharrow did nothing to prevent this culture of lack of discipline and proper supervision of wrongful and violative acts by police officer from continuing.

| Year | Substantiated | Unsubstantiated | Unfounded | Exonerated | Free of Any Charge |
|------|---------------|-----------------|-----------|------------|--------------------|
| 2020 | 7% | 28% | 19% | 46% | 93% |
| 2019 | 14% | 27% | 16% | 43% | 86% |
| 2018 | 6% | 32% | 19% | 43% | 94% |

| 2017 | 18% | 32% | 9% | 41% | 82% |
| 2016 | 22% | 28% | 0% | 50% | 78% |

126. DEFENDANT COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully beat, and abuse civilians, and/or abuse their authority, and/or use excessive force against them, and DEFENDANT COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway. Therefore, DEFENDANT COUNTY is liable under 42 U.S.C. §1983 because the DEFENDANT COUNTY had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United States Constitution, and because of the DEFENDANT COUNTY's ineffectual policy and custom for reviewing complaints of misconduct, the DEFENDANT OFFICERS relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

127. DEFENDANTS COUNTY and SCPD have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper abuses of authority, and brutality by police officers, and has failed to subject officers who abused, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the DEFENDANT COUNTY to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

128. Further, the DEFENDANT COUNTY and DEFENDANT POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper

investigation, supervision, discipline and retention of Defendant Officers. The DEFENDANT COUNTY and DEFENDANT POLICE DEPARTMENT also refused and failed to prosecute the DEFENDANT OFFICERS, and thereby improperly and in violation of the Plaintiff's rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Suffolk for presentation to the Grand Jury.

129. Upon information and belief, specific systemic flaws in the DEFENDANT COUNTY'S brutality review process include, but are not limited to, the following:

a.  Preparing reports regarding investigations of beatings and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.  Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.  Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.  Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

e.  Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

130. Defendants COUNTY and POLICE DEPARTMENT have engaged in systematic official actions frustrating plaintiff and other plaintiffs in preparing and filing suit.

131.    Plaintiff in this action made a specific request to decision and policy makers of the Suffolk County to  "Please provide us with the names of each of the officers, supervisors and other personnel present at the scene of incident on June 27th."

132.    When that request was ignored, Plaintiff reminded the decision and policy makers in Suffolk that she had "supplied [the County] with a detailed set of facts for [their] review, yet you have told us nothing of substance and no effort has been made to contact us to set up an appointment. The failure to get this right immediately is a very concerning pattern by Suffolk County Police when it comes to Civilian Complaints.

133.    Plaintiff has made verbal requests for the names of John Doe officers and those two have gone unresponded to.

134.    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and POLICE DEPARTMENT caused the DEFENDANT OFFICERS to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

135.    As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered serious injuries, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

136.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden

on Plaintiff.

137. That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AS AND A FIFTH COUNT**
**42 U.S.C. § 1983- DUE PROCESS AND DENYING BODILY INTEGRITY**
**FIFTH AND FOURTEENTH AMENDMENTS**

138. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 137 of this Complaint with the same force and effect as though fully set forth herein.

139. The acts of Defendants COUNTY and SCPD and DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 in subjecting Plaintiff to the abuse occurred without any process being afforded to Plaintiff and she was denied any opportunities guaranteed by the Fifth and Fourteenth Amendments.

140. Under color of law, there was no opportunity afforded to Plaintiff Mrs. O'Pharrow to report the abuses transpired against her by Defendants DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 after she was removed from the ambulance and man-handled and caused significant injury to her shoulder, neck and body. Even though Defendants DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1's conduct was seen and reviewed by Suffolk County governmental and Police officials, there was no avenue for due

process to be afforded in response to DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1's abusive and unreasonable actions.

141.    Due to the lack of opportunity for due process, Plaintiff Mrs. O'Pharrow had no choice but to endure the violation of her civil rights and the physical abuses of Defendant DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 against her.

142.    Even after Plaintiff reported the violations of her rights by Defendants DEFENDANTS POLICE JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 to Defendants COUNTY and SCPD, she was still denied her right to due process by Internal Affairs making any determination after a year.

143.    As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered serious injuries, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

144.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

145.    That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A SIXTH COUNT
## 42 U.S.C. § 1983 - FAILURE TO INTERVENE

146.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 145 of this Complaint with the same force and effect as though fully set forth herein.

147.     DEFENDANTS  POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from COUNTY and SCPD knew or should have known that the use of unreasonable and excessive force against Plaintiff violated the Plaintiff's rights, guaranteed to her under the First, Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §1983.

148.     Each of the said DEFENDANTS had the authority, ability and concurrent duty under 42 U.S.C.§ 1983 to prevent the false arrest, wrongful unreasonable and use of excessive force against the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

149.     DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from the DEFENDANT COUNTY and SCPD failed to stop these wrongful actions, which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

150.     DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 from the DEFENDANT COUNTY and SCPD knew or should have known that the fabricated accusations against, and physical abuse of Mrs. O'Pharrow were violative of her Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

151.     Said DEFENDANTS  POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT

JOHN DOE 1 had and continued to have the power to prevent the continued due process violations against Plaintiff yet they failed to prevent or to protect the Plaintiff from the unwarranted and potential injuries arising from that treatment.

152.    DEFENDANT COUNTY and SCPD's exoneration of and refusal to discipline the DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 for their misconduct against Mrs. O'Pharrow is neglectful of their duty to prevent the further violation of Plaintiff's right to compensation under 42 U.S.C. §1983 and the State Law claims, with such violation occurring as a result of said officers being improperly allowed to engage in their wrongful acts and essentially being cleared of any wrongdoing, despite substantial physical evidence to the contrary.

153.    As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish, property damage, and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

154.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

155.    That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her

quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AND AS FOR AN SEVENTH COUNT**
**FALSE ARREST (PENDENT STATE CLAIM)**

156.　Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 155 of this Complaint, with the same force and effect as though fully set forth herein.

157.　On or about the 27th day of June 2021 in the DEFENDANT COUNTY, SCPD, DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 intentionally, falsely, unlawfully and wrongfully, with force and without Plaintiff's consent and against her will, assaulted, battered, and falsely seized Plaintiff by grabbing, yanking, lift and abusing Plaintiff and depriving her of her liberty.

158.　Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

159.　That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A EIGHTH COUNT
## <u>NEGLIGENCE</u>

160.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 159 of this complaint with the same force and effect as though fully et forth herein.

161.    The COUNTY, POLICE DEPARTMENT and DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 and LIEUTENANT JOHN DOE 1 had a duty under New York common law, 42 U.S.C. §§ 1981, 1983, as well as under the First, Fourth, Fifth, and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful use of excessive and unreasonable force, false arrest, verbal and physical abuse, as well as a duty to investigate, supervise and discipline DEFENDANT OFFICERS and prevent other wrongful acts that were committed against Plaintiff.

162.    In actively inflicting and failing to prevent the above stated abuses suffered by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal seizure, and other violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C.§§ 's 1981, 1983, and by the First, Fourth, Fifth and Fourteenth Amendments of the Constitution.

163.    The breach of duty New York law and under 42 U.S.C. § 1983 by COUNTY, POLICE DEPARTMENT, and DEFENDANT OFFICERS was a direct and proximate cause of the harm suffered by Plaintiff.

164.  Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

165.  That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AND AS FOR A NINTH COUNT
## ASSAULT and BATTERY (PENDENT STATE CLAIM)

166.  That Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 165 of this Complaint, with the same force and effect as though fully set forth herein.

167.  During all times mentioned herein, the DEFENDANTS POLICE OFFICERS JOHN DOES 1-2 engaged in the illegal conduct herein mentioned to the injury of Plaintiff and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth and Fourteenth Amendment of the Constitution of the United States, the laws of the United States and the laws of the State of New York, as pendant claims.

168.  That on said date DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 accosted Plaintiff and brutally assaulted her without any justification, provocation or assaultive gestures on Plaintiff's part, and despite the fact that the Plaintiff had committed no crime or broken any law,

which she was charged with, DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 detained and seized and abused Plaintiff with no probable cause.

169.    The DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 visited unwanted, offensive and harmful physical contact upon the Plaintiff, with the intention of causing harm to Plaintiff.

170.    DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 did cause physical injuries and harm to Plaintiff by grabbing, yanking, lifting, pushing and manhandling and otherwise assaulting her with their hands and bodies.

171.    The Plaintiff did not in any way provoke or instigate such attacks, and did not create any threat of harm to the DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 .

172.    Although DEFENDANTS POLICE OFFICERS JOHN DOES 1-10 acted contrary to the law, they continued their shocking and unjustified conduct.

173.    Upon information and belief, said physical abuse and punishment were ordered by, carried out by, and condoned by DEFENDANT COUNTY its agents and employees, who were acting within the course or scope of their employment.

174.    That as a result of said and physical and mental abuse, the Plaintiff sustained damages and injuries, including but not limited to, personal injuries to her body, violation of civil rights, loss of income, permanent damage to reputation and standing in the community, loss of comfort, support, and companionship, extreme mental and emotional harm and stress, impairment of earning power, and other injuries not yet fully ascertained.

175.    Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the

unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

176.    That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AND AS FOR A TENTH COUNT**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(PENDENT STATE CLAIM)**

177.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 176 of this Complaint with the same force and effect as though fully set forth herein.

178.    The DEFENDANT COUNTY and DEFENDANT OFFICERS acted outrageously for their above-stated roles in the wrongful seizure, use of force, verbal abuse, intimidation and public humiliation of the Plaintiff.

179.    Said emotional harm was exacerbated by the continued verbal abuse and taunting of the Plaintiff, which was known by DEFENDANT COUNTY and DEFENDANT OFFICERS to be without basis. Yet DEFENDANTS continued to taunt and use abusive language they knew was intended to cause extreme further harm, distress and duress to Plaintiff.

180. The DEFENDANTS knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

181. Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing her name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

182. That by reason of the foregoing, Plaintiff has been placed in fear of her safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of her constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**WHEREFORE,** the Plaintiff demands judgment against the DEFENDANTS:

a) On the First Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

b) On the Second Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

c) On the Third Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

d) On the Fourth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

e) On the Fifth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

f) On the Sixth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

g) On the Seventh Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

h) On the Eighth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

i) On the Ninth Cause of Action in the sum in excess of Five Million ($5,000,000.00)

Dollars;

j)   On the Tenth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

k)   Punitive damages in the sum in excess of Ten Million ($10,000,000.00) Dollars;

l)   Declaratory Judgment that defendants willfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

m)   Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

n)   Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees, pursuant to 42 U.S.C. §1988.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated: Hempstead, New York
June 27, 2022

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959